UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| FUND THAT FLIP, INC., a Delaware corporation<br>79 Madison Avenue<br>Floor 7<br>New York, New York 10016<br><br>       Plaintiff<br><br>vs.<br><br>RENEWD HOMES, INC., an Illinois corporation<br>Attn: Thomas S. O'Neill, President<br>12134 Oxford Court<br>Lemont, Illinois 60439<br><br><u>Please also serve:</u><br><br>Attn: Nona Brady, Registered Agent<br>2540 Ridge Road<br>Lansing, Illinois 60438<br><br>-and-<br><br>THOMAS O'NEILL,<br>*aka* THOMAS S. O'NEILL,<br>*aka* TOM SEAN O'NEILL,<br>*aka* THOMAS SEAN O'NEILL,<br>*aka* TOM O'NEILL,<br>*aka* THOMAS O'NEAL,<br>*aka* THOMAS J. O'NEILL,<br>*aka* TS O'NEILL,<br>*aka* THOMAS N. O'NEILL,<br>*aka* THOMAS S. NEILL, an individual and resident of the State of Illinois<br>12134 Oxford Court<br>Lemont, Illinois 60439<br><br>-and- | CIVIL CASE NO.:<br><br><br><br>THE HONORABLE<br>UNITED STATES DISTRICT JUDGE<br><br><br><br>THE HONORABLE<br>UNITED STATES MAGISTRATE JUDGE |

LAUTENBACH FAMILY TRUST DATED
APRIL 24, 1996
Attn: Kenneth E. Lautenbach, Trustee
18410 South 115th Avenue
Orland Park, Illinois 60467

-and-

SCHILLING BROTHERS LUMBER OF
ILLINOIS, INC., an Illinois corporation
Attn: Dean E. Schilling, Vice President
8900 Wicker Avenue
St. John, Indiana 46373

Please also serve:

Attn: Dean E. Schilling, Registered Agent
9900 191st Street
Mokena, Illinois 60448

-and-

KENNETH E. LAUTENBACH, II, an
individual and resident of the State of Illinois
10635 White Tail Run
Orland Park, Illinois 60467

-and-

JEFF GALLICHIO, an individual and resident
of the State of Illinois
23313 Sunburst Point
Frankfort, Illinois 60423

                    Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| FUND THAT FLIP, INC., a Delaware corporation<br><br>       Plaintiff<br><br>vs.<br><br>RENEWD HOMES, INC., an Illinois corporation; THOMAS O'NEILL, *aka* THOMAS S. O'NEILL, *aka* TOM SEAN O'NEILL, *aka* THOMAS SEAN O'NEILL, *aka* TOM O'NEILL, *aka* THOMAS O'NEAL, *aka* THOMAS J. O'NEILL, *aka* TS O'NEILL, *aka* THOMAS N. O'NEILL, *aka* THOMAS S. NEILL, an individual and resident of the State of Illinois; LAUTENBACH FAMILY TRUST DATED APRIL 24, 1996; SCHILLING BROTHERS LUMBER OF ILLINOIS, INC., an Illinois corporation; KENNETH E. LAUTENBACH, II, an individual and resident of the State of Illinois; and JEFF GALLICHIO, an individual and resident of the State of Illinois<br><br>       Defendants | CIVIL CASE NO.:<br><br><br>THE HONORABLE<br>UNITED STATES DISTRICT JUDGE<br><br><br>THE HONORABLE<br>UNITED STATES MAGISTRATE JUDGE |

COMPLAINT FOR (1) BREACH OF NOTE DATED JULY 15, 2016, (2) BREACH OF GUARANTY DATED JULY 15, 2016, (3) FORECLOSURE OF MORTGAGE AND SECURITY AGREEMENT DATED JULY 15, 2016, (4) BREACH OF NOTE DATED MARCH 7, 2017, (5) BREACH OF GUARANTY DATED MARCH 7, 2017, and (6) FORECLOSURE OF MORTGAGE AND SECURITY AGREEMENT DATED MARCH 7, 2017

1426 Maple Street, Western Springs, Illinois 60558
(Property Identification #18-06-121-022-0000)

747 Arlington Road, Riverside, Illinois 60546
(Property Identification #15-25-416-022-0000)

Now comes the Plaintiff, Fund That Flip, Inc., a Delaware corporation ("FTF" or "Lender"), by and through its undersigned counsel, and for its Complaint against Defendants, Renewd Homes, Inc., an Illinois corporation ("Renewd Homes"), Thomas O'Neill, *aka* Thomas S. O'Neill, *aka* Tom Sean O'Neill, *aka* Thomas Sean O'Neill, *aka* Tom O'Neill, *aka* Thomas O'Neal, *aka* Thomas J. O'Neill, *aka* TS O'Neill, *aka* Thomas N. O'Neill, *aka* Thomas S. Neill, an individual and resident of the State of Illinois ("O'Neill"), Lautenbach Family Trust Dated April 24, 1996 ("Lautenbach Family Trust"), Schilling Brothers Lumber of Illinois, Inc., an Illinois corporation ("Schilling Brothers"), Kenneth E. Lautenbach, II, an individual and resident of the State of Illinois ("Lautenbach"), and Jeff Gallichio, an individual and resident of the State of Illinois ("Gallichio"), states as follows:

<u>PARTIES</u>

1.      The Plaintiff, FTF, is and was at all times mentioned below, a corporation organized and existing by virtue of the laws of the State of Delaware.  The Plaintiff maintains (a) an address for service of process in care of Corporation Service Company, Registered Agent, at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604, and (b) a principal place of business at 79 Madison Avenue, Floor 7, New York, New York 10016.  Accordingly, for diversity purposes, the Plaintiff is a citizen of the State of Delaware (state of incorporation) and the State of New York (state of principal place of business).

2.      Upon information and belief, Defendant, Renewd Homes, is and was at all times mentioned below, a corporation organized and existing by virtue of the laws of the State of Illinois.  Defendant, upon information and belief, maintains (a) an address for service of process in care of (i) Thomas S. O'Neill, President, at 12134 Oxford Court, Lemont, Illinois 60439, and (ii) Nona Brady, Registered Agent, at 2540 Ridge Road, Lansing, Illinois 60438, and (b) a

principal place of business at 12134 Oxford Court, Lemont, Illinois 60439. Accordingly, for diversity purposes, Defendant is a citizen of the State of Illinois (state of incorporation) and the State of Illinois (state of principal place of business).

3.     Upon information and belief Defendant, O'Neill, is and was at all times mentioned below, an individual and resident of the State of Illinois. Defendant has an address for service of process at 12134 Oxford Court, Lemont, Illinois 60439. Accordingly, for diversity purposes, Defendant is a citizen of the State of Illinois.

4.     Upon information and belief Defendant, Lautenbach Family Trust, is and was at all times mentioned below, a trust organized and existing by virtue of the laws of the State of Illinois. Defendant has an address for service of process in care of Kenneth E. Lautenbach, Trustee, at 18410 South 115th Avenue, Orland Park, Illinois 60467. Accordingly, for diversity purposes, Defendant is a citizen of the State of Illinois.

5.     Upon information and belief, Defendant, Schilling Brothers, is and was at all times mentioned below, a corporation organized and existing by virtue of the laws of the State of Illinois. Defendant, upon information and belief, maintains (a) an address for service of process in care of Dean E. Schilling, Registered Agent, at 9900 191 Street, Mokena, Illinois 60448, and (b) a principal place of business at 8900 Wicker Avenue, St. John, Indiana 46373. Accordingly, for diversity purposes, Defendant is a citizen of the State of Illinois (state of incorporation) and the State of Indiana (state of principal place of business).

6.     Upon information and belief Defendant, Lautenbach, is and was at all times mentioned below, an individual and resident of the State of Illinois. Defendant has an address for service of process at 10635 White Tail Run, Orland Park, Illinois 60467. Accordingly, for diversity purposes, Defendant is a citizen of the State of Illinois.

7.     Upon information and belief Defendant, Gallichio, is and was at all times mentioned below, an individual and resident of the State of Illinois.  Defendant has an address for service of process at 23313 Sunburst Point, Frankfort, Illinois 60423.  Accordingly, for diversity purposes, Defendant is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

8.     Jurisdiction exists in the judicial district comprising the Northern District of Illinois pursuant to 28 U.S.C. § 1332(a) as there is complete diversity between all known parties and the matter in controversy exceeds the amount of $75,000.00 exclusive of interest and costs.

9.     Venue is proper in the judicial district comprising the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) as (a) a substantial portion of events giving rise to the claims of the Plaintiff, FTF, occurred within Cook County, Illinois, and (b) the hereinafter-described Property 1 and the hereinafter-described Property 2 are situated within Cook County, Illinois.

## BACKGROUND

10.     On July 15, 2016, Defendant, Renewd Homes, executed a certain commercial note ("Note 1") dated July 15, 2016 in favor of FTF in the original principal amount of $560,000.00, plus interest on the unpaid principal balance.  Defendant delivered possession of the original Note 1 to FTF.  A true and accurate copy of Note 1 is attached hereto as Exhibit A and incorporated herein by reference.

11.     On July 15, 2016, in order to secure repayment of Note 1, Defendant, O'Neill, executed a certain commercial guaranty ("Guaranty 1") dated July 15, 2016 in favor of FTF. Defendant delivered possession of the original Guaranty 1 to FTF.  A true and accurate copy of Guaranty 1 is attached hereto as Exhibit B and incorporated herein by reference.

12.     On July 15, 2016, in order to further secure repayment of Note 1, Defendant, Renewd Homes, executed a certain commercial mortgage and security agreement ("Mortgage 1") dated July 15, 2016 in favor of FTF.  Defendant delivered possession of the original Mortgage 1 to FTF.  A true and accurate copy of Mortgage 1 is attached hereto as Exhibit C and incorporated herein by reference.

13.     In Mortgage 1, Defendant, Renewd Homes, granted, mortgaged, and conveyed to FTF and FTF's successors and assigns, with mortgage covenants, all of Defendant's right, title and interest in and to one (1) parcel of real property more commonly known as 1426 Maple Street, Western Springs, Illinois 60558 (Property Identification #18-06-121-022-0000) ("Property 1") and more fully described as follows:

> LOT 13 IN THE SUBDIVISION OF BLOCK 10 IN J.C. CALDWELL'S SUBDIVISION OF C.C. LAYS ADDITION TO WESTERN SPRINGS (EXCEPT BLOCK 15 AND THE NORTH 2 ACRES OF THE LAST 1/2 BLOCK 16, INCLUDING THE 1/2 STREETS) BEING A SUBDIVISION OF THE EAST PART OF THE NORTHWEST 1/4 OF SECTION 6, TOWNSHIP 38 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN AND 3.554 ACRES IN THE SOUTH PART OF SECTION 31, TOWNSHIP 39 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

> Address:   1426 Maple Street, Western Springs, Illinois 60558

> Property Identification No.:   18-06-121-022-0000

14.     FTF perfected Mortgage 1 by filing Mortgage 1 for record and recording Mortgage 1 on August 1, 2016 in the Office of the Recorder of Deeds of Cook County, Illinois as Document #1621434186.

15.     On March 7, 2017, Defendant, Renewd Homes, executed a certain commercial note ("Note 2") dated March 7, 2017in favor of FTF in the original principal amount of $340,000.00, plus interest on the unpaid principal balance.  Defendant delivered possession of

the original Note 2 to FTF.  A true and accurate copy of Note 2 is attached hereto as Exhibit D and incorporated herein by reference.

16.     On March 7, 2017, in order to secure repayment of Note 2, Defendant, O'Neill, executed a certain commercial guaranty ("Guaranty 2") dated March 7, 2017 in favor of FTF. Defendant delivered possession of the original Guaranty 2 to FTF.  A true and accurate copy of Guaranty 2 is attached hereto as Exhibit E and incorporated herein by reference.

17.     On March 7, 2017, in order to further secure repayment of Note 2, Defendant, Renewd Homes, executed a certain commercial mortgage and security agreement ("Mortgage 2") dated March 7, 2017 in favor of FTF.  Defendant delivered possession of the original Mortgage 2 to FTF.  A true and accurate copy of Mortgage 2 is attached hereto as Exhibit F and incorporated herein by reference.

18.     In Mortgage 2, Defendant, Renewd Homes, granted, mortgaged, and conveyed to FTF and FTF's successors and assigns, with mortgage covenants, all of Defendant's right, title and interest in and to one (1) parcel of real property more commonly known as 747 Arlington Road, Riverside, Illinois 60546 (Property Identification #15-25-416-022-0000) ("Property 2") and more fully described as follows:

> LOT SEVENTY (70) IN SUBDIVISION OF LOT "A" IN KIRCHMAN AND JEDLANS RIVERSIDE PARKWAY AND HARLEM AVENUE SUBDIVISION OF THAT PART OF LOT TWO (2) LYING SOUTH OF THE CENTER OF RIVERSIDE PARKWAY, AND ALL OF LOTS THREE AND FOUR OF CIRCUIT COURT PARTITION OF SOUTHEAST QUARTER OF SOUTHEAST QUARTER AND THE EAST HALF OF THE NORTHEAST QUARTER OF SOUTHEAST QUARTER OF SECTION 25, TOWNSHIP 39 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
> Address:   747 Arlington Road, Riverside, Illinois 60546
>
> Property Identification No.:   15-25-416-022-0000

19.    FTF perfected Mortgage 2 by filing Mortgage 2 for record and recording Mortgage 2 on May 11, 2017 in the Office of the Recorder of Deeds of Cook County, Illinois as Document #1713149339.

20.    FTF performed all of the conditions precedent required under Note 1, Guaranty 1 and Mortgage 1 since July 15, 2016.

21.    FTF performed all of the conditions precedent required under Note 2, Guaranty 2 and Mortgage 2 since March 7, 2017.

22.    FTF has possession of the original Note 1, the original Guaranty 1, the original Mortgage 1, the original Note 2, the original Guaranty 2, and the original Mortgage 2.

23.    Defendant, Renewd Homes, is the real owner of Property 1.  A true and accurate copy of the vesting deed is attached hereto as Exhibit G and incorporated herein by reference.

24.    Defendant, Renewd Homes, is the real owner of Property 2.  A true and accurate copy of the vesting deed is attached hereto as Exhibit H and incorporated herein by reference.

COUNT ONE
Breach of Note 1
Defendant, Renewd Homes

25.    For Count One of the Complaint, the Plaintiff, FTF, adopts, reaffirms and reincorporates all of the aforesaid allegations and statements as if fully rewritten herein.

26.    According to the terms of Note 1, Defendant, Renewd Homes, agreed as follows:

1.    BORROWER'S PROMISE TO PAY.  In return for a loan made by Lender to Borrower secured by that certain Mortgage (as hereinafter defined), Borrower promises to pay U.S. $560,000.00 (hereinafter the "Principal"), plus interest and other sums due, to the order of Lender, in accordance with the terms of this Note.  Borrower will make all payments under this Note in the form of check or federal funds transfer to an account designated by Lender or in such other manner as may be designated by Lender.  Borrower understands that Lender may transfer this Note.  Lender or anyone who takes this Note by transfer and who is

entitled to receive payments under this Note is hereinafter called the "Note Holder."

2. <u>INTEREST</u>. Absent an Event of Default (as hereinafter defined), interest under this Note shall be due and payable at the "Applicable Interest Rate" (as hereinafter defined) for the period from the date hereof through the Maturity Date, as the same may be extended, or through the earlier prepayment of the Loan in full. The term "Applicable Interest Rate," as used herein, shall mean an interest rate equal to Eleven (11%) percent per annum. Interest for any month or fractional part thereof shall be calculated on the basis of a 30-day month and 360-day year, shall accrue and compound on a monthly basis, and shall be due and payable hereunder monthly.

3. PAYMENT TERMS.

3.1. Borrower agrees to pay sums under this Note in installments as follows:

(a) On the date hereof in the sum of Fifteen Thousand Four Hundred and 00/100 Dollars ($15,400) (Three Months Interest) plus Two Thousand Seven Hundred Thirty-Seven and 78/100 Dollars ($2,737.78) (Balance of July Interest) representing interest only from the date of this Note through October 30, 2016.

(b) Commencing on August 1, 2016 and on the first day of each month thereafter ("Monthly Payment Date"), Borrower shall pay to Lender monthly installments of interest only due in accordance with the terms of this Note.

(c) All accrued and unpaid interest and the unpaid principal balance hereof are due and payable on the earlier to occur of (i) July 15, 2017 (the "Maturity Date"), or (ii) the date on which the Indebtedness (hereinafter defined) becomes immediately due and payment hereunder.

(d) Borrower shall have the right to extend the Maturity Date for one (1) three (3) month period from the Maturity Date (the "<u>Extension Term</u>"), for a fee payable to Lender equal to one percent (1%) of the Principal, provided that there is no ongoing Event of Default under this Note or the Loan Documents and Borrower has delivered written notice to Lender that they wish to exercise such extension at least forty-five (45) days prior to the first day of the Extension Term. The Maturity Date established by this Extension Term shall be known as the "Extended

Maturity Date" . . . .

6.     DEFAULT AND ACCELERATION.

6.1.     It is hereby expressly agreed that (A) the whole of the principal sum of this Note, (B) interest, default interest, late charges, fees and other sums, as provided in this Note, (C) all other monies agreed or provided to be paid by Borrower in this Note, the Mortgage or the Loan Documents, (D) all sums advanced pursuant to the Mortgage and/or the Loan Documents, and (E) all sums advanced and costs and expenses incurred by Lender in connection with the Indebtedness (as hereinafter defined) or any part thereof, any renewal, extension, or change of or substitution for the Indebtedness or any part thereof, or the acquisition or perfection of the security granted pursuant to the Mortgage and the other Loan Documents, whether made or incurred at the request of Borrower or Lender (the sums referred to in (A) through (E) above shall collectively be referred to as the "Indebtedness") shall, WITHOUT NOTICE (unless otherwise provided herein), become immediately due and payable at the option of the Note Holder upon the happening of any of the following events (each, an "Event of Default"):

(a)     Borrower fails to pay any amount due to Lender under this Note, within 10 days after the due date for such payment;

(b)     Borrower fails to keep, observe or perform any other promise, condition or agreement contained in this Note, the Mortgage, the Loan Documents or any other documents described herein or delivered in connection herewith or is otherwise in default under the terms, covenants and conditions of this Note, the Mortgage and the Loan Documents, and such failure or default is not remedied within thirty (30) days after written notice to Borrower thereof, provided, however, that if such failure or default is not capable of being cured or remedied within said thirty (30) day period, then if Borrower fails to promptly commence to cure the same and thereafter diligently prosecute such cure to completion but in any event within sixty (60) days after notice thereof;

(c)     There is a material misstatement in any certificate and/or certification delivered in connection with this Note, the Mortgage, and other Loan Documents, or any representation, disclosure, warranty, statement, financial information, application and/or other instrument, record, documentation or paper made or furnished by or on behalf of Borrower in connection

with this Note shall be materially misleading, untrue or incorrect as of the later of (i) the date hereof or (ii) when made[] . . .

(f) Borrower or a member of Borrower shall have concealed, removed and/or permitted to be concealed or removed any substantial part of its property and/or assets with the intent to hinder, delay or defraud Lender of any of its property and/or assets which may be fraudulent under any federal or state bankruptcy, fraudulent conveyance or similar law now or hereafter enacted, or if Borrower shall have made any transfer of any of its property and/or assets to or for the benefit of a creditor at a time when other creditors similarly situated have not been paid, or if Borrower shall have suffered or permitted to be suffered, while insolvent, any creditor to obtain a lien upon any of its property and/or assets through legal proceedings or distraint which is not vacated within 60 days from the date of entry thereof;

(g) Borrower defaults under any other note, instrument, agreement, contract, pledge, mortgage or encumbrance evidencing and/or securing the Indebtedness or any other indebtedness of Borrower to Lender, and such event or occurrence is not remedied or cured within ten (10) days after notice thereof or an "event of default" (as defined in such other note, instrument, agreement, contract, pledge, mortgage or encumbrance) shall have occurred[] . . .

7.    DEFAULT INTEREST/LATE CHARGES.

7.1.    From and after the occurrence of an Event of Default, regardless of whether or not there has been a notice of default issued by the Note Holder, interest shall accrue on the outstanding Principal Sum, and shall be payable, at a rate equal to twenty-four percent (24%) per annum (the "Default Rate"). The Default Rate shall remain in effect until any and all Events of Default shall have been cured. In addition, the Default Rate shall remain in effect during any period of default even upon the acceleration of the indebtedness evidence by this Note. The Default Rate shall be in effect at all times after the maturity of the Indebtedness (whether on the Maturity Date, by acceleration or otherwise). Upon acceleration or maturity, the Default Rate shall remain in effect until all sums due under this Note, the Mortgage and the Loan Documents shall have been paid in full. This clause, however, shall not be construed as an agreement or privilege to extend the date of the payment of the Indebtedness, or as a waiver of any other right or remedy

accruing to Lender by reason of the occurrence of any Event of Default.

7.2.    Except for any payment of the Indebtedness after acceleration, if any payment (or part thereof) provided for herein shall not be made when due, a late charge of six ($0.06) cents for each dollar so overdue shall become immediately due and payable to the Note Holder as liquidated damages for failure to make prompt payment and the same shall be secured by the Mortgage. This fee is not a penalty but a fee reasonably calculated to reimburse the Note Holder for administrative and staff time. Such charge shall be payable in any event no later than the due date of the next subsequent installment or, at the option of Note Holder, may be deducted from any deposits held by Lender as additional security for this Note. Nothing herein is intended to or shall extend the due dates set forth for payments under this Note. Such late fee may be charged on any subsequent delinquent payment. . . .

8.    WAIVERS. . . .

8.4.    BORROWER AND EACH ENDORSER AGREE THAT ANY ACTION, SUIT OR PROCEEDING IN RESPECT OF OR ARISING OUT OF THIS NOTE MAY BE INITIATED AND PROSECUTED IN THE STATE OR FEDERAL COURTS, AS THE CASE MAY BE, LOCATED IN THE COUNTY OF COOK, STATE OF ILLINOIS. BORROWER AND EACH ENDORSER CONSENT TO AND SUBMIT TO THE JURISDICTION OF SUCH COURTS OVER THE SUBJECT MATTER, WAIVE PERSONAL SERVICE OF ANY AND ALL PROCESS UPON IT AND CONSENT THAT ALL SUCH SERVICE OF PROCESS BE MADE BY REGISTERED OR CERTIFIED MAIL OR REPUTABLE OVERNIGHT DELIVERY SERVICE DIRECTED TO BORROWER OR SUCH ENDORSER AT ITS ADDRESS SET FORTH ABOVE OR TO ANY OTHER ADDRESS AS MAY APPEAR IN LENDER'S RECORDS AS THE ADDRESS OF BORROWER OR SUCH ENDORSER.

8.5.    IN ANY ACTION, SUIT OR PROCEEDING IN RESPECT OF OR ARISING OUT OF THIS NOTE, BORROWER AND EACH ENDORSER WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, WHETHER IN CONTRACT, TORT OR OTHERWISE, RELATING DIRECTLY OR INDIRECTLY TO THE LOAN EVIDENCED BY THIS NOTE, THE APPLICATION FOR THE LOAN EVIDENCED BY THIS NOTE, THE MORTGAGE OR ANY OTHER LOAN DOCUMENT, OR ANY ACTS OR OMISSIONS OF NOTE

HOLDER, ITS OFFICERS, EMPLOYEES, DIRECTORS OR AGENTS IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY BORROWER AND EACH ENDORSER, AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE.

    8.6.    BORROWER AND EACH ENDORSER ALSO WAIVE (I) THE RIGHT TO INTERPOSE ANY SET-OFF OR COUNTERCLAIM OF ANY NATURE OR DESCRIPTION, OTHER THAN A MANDATORY OR COMPULSORY COUNTERCLAIM, (II) ANY OBJECTION BASED ON FORUM NON CONVENIENS OR VENUE, AND (III) ANY CLAIM FOR CONSEQUENTIAL, PUNITIVE OR SPECIAL DAMAGES. . . .

    11.    MISCELLANEOUS. . . .

    11.3.    Wherever pursuant to this Note it is provided that Borrower pay any costs and expenses, such costs and expenses shall include, without limitation, reasonable legal fees and disbursements of Note Holder with respect to retained firms, but shall not include the reimbursement of the expenses of Note Holder's in-house staff or counsel. Borrower shall pay to Note Holder on demand any and all expenses, including reasonable legal expenses and attorneys' fees, incurred or paid by Lender in enforcing this Note.

27. Defendant, Renewd Homes, failed to pay any amount due to FTF under Note 1 within ten (10) days after the due date for such payment. Specifically, Defendant failed to pay FTF the monthly interest-only installments due on November 1, 2017, December 1, 2017, January 1, 2018, February 1, 2018, and March 1, 2018, respectively (the "Note 1 Default").

28. The Note 1 Default constitutes an event of default under the terms of Note, 1 Guaranty 1 and Mortgage 1.

29. On March 20, 2018, the Plaintiff, FTF, mailed a written notice of default (the "Notice of Default-Note 1") to Defendant, Renewd Homes. Notice of Default-Note 1 notified Defendant of the Note 1 Default and provided Defendant with a cure period. A true and accurate

copy of Notice of Default-Note 1 is attached hereto as <u>Exhibit I</u> and incorporated herein by reference.

30.     Defendant, Renewd Homes, failed to cure the Note 1 Default during the cure period.

31.     As of March 15, 2018, Defendant, Renewd Homes, owes the Plaintiff, FTF, the total sum of $602,931.32 [unpaid principal of $560,000.00, plus accrued and unpaid contract interest of $28,233.32, late charges of $1,848.00, draw fees of $400.00, extension fees of $11,200.00, collection expenses of $1,000.00, and the payoff preparation and processing fee of $250.00], plus per diem interest in the sum of $171.11 from March 16, 2018 and thereafter, and all other amounts recoverable under Note 1 (the "<u>Note 1 Balance</u>").

WHEREFORE, the Plaintiff, FTF, respectfully requests the following relief upon Count One of the Complaint:

a.     Judgment in favor of the Plaintiff, FTF, and against Defendant, Renewd Homes, in the amount of the Note 1 Balance; and

b.     such further relief as the Plaintiff, FTF, may be entitled to in equity or at law and/or as this Honorable Court deems just and proper.

COUNT TWO<br>Breach of Guaranty 1<br>Defendant, O'Neill

32.     For Count Two of the Complaint, the Plaintiff, FTF, adopts, reaffirms, and reincorporates all of the aforesaid allegations and statements as if fully rewritten herein.

33.     According to the terms of Guaranty 1, Defendant, O'Neill, agreed as follows:

2.     AGREEMENT TO GUARANTEE.

2.1.     <u>Obligations Guaranteed.</u>

(a) Guarantor hereby irrevocably and unconditionally guarantees to Lender the full and prompt:

(1) payment when due of the principal, interest and other sums due with respect to the loan, whether now existing or hereafter incurred (including any increase in the indebtedness under the Loan Documents), and all other obligations whenever incurred by Borrower to Lender with respect to the loan and under or through the Loan Documents, when and as the same shall become due and payable, whether at the stated maturity thereof, by acceleration, or otherwise; and

(2) payment and performance of all other obligations of Borrower under the Loan Documents, including, without limitation, the full and indefeasible payment and performance when due of all now existing or future indebtedness, obligations or liabilities of Borrower to Lender, howsoever arising, whether direct or indirect, absolute or contingent, secured or unsecured, whether arising under any of the Loan Documents as now written or as the same may be amended or supplemented hereafter, or by operation of law or otherwise. Payments by Guarantor shall be made upon demand in the lawful money of the United States of America.

(b) Each and every default in the payment of the principal or interest or any other sum due under, or borrowing in accordance with, the Loan Documents shall give rise to a separate cause of action hereunder, and separate suits may be brought hereunder as each cause of action arises.

(c) Guarantor further agrees that this Guaranty constitutes an absolute, unconditional, present and continuing <u>GUARANTEE OF PAYMENT AND PERFORMANCE AND NOT OF COLLECTION</u>, and Guarantor waives any right to require that any resort be had by Lender to:

(1) any security (including, without limitation, the Collateral) held by Lender or for its benefit for payment of the principal, interest or any other sums due under the Loan Documents; or

(2) Lender's rights against any other person including Borrower or any other guarantor of the loan; or

(3) any other right or remedy available to Lender by contract, applicable law or otherwise.

It is the intent of this Guaranty that Lender shall have the right to resort to Guarantor without resorting to any remedy against Borrower and without demand by it, as though Guarantor is primarily liable for the repayment of the indebtedness.

2.2.    Obligations Unconditional.  The obligations of Guarantor under this Guaranty shall be absolute and unconditional and shall remain in full force and effect until the entire principal, interest and all other sums due under the Loan Documents have been paid in full (subject to the provisions of Section 2.7 hereof) and all costs and expenses, if any, referred to in Section 2.4 hereof shall have been paid in full. . . .

2.3.    No Waiver of Set-Off; No Right to Jury Trial.  No act of commission or omission of any kind or at any time made by or upon the part of Lender, or its successors and assigns, in respect of any matter whatsoever shall in any way impair the rights of Lender, or any such successor or assign, to enforce any right, power or benefit under this Guaranty and no set-off, counterclaim (other than a mandatory or compulsory counterclaim), reduction or diminution of any obligation, or any defense of any kind or nature which Guarantor has or may have against Lender, or any assignee or successor thereof, shall be available hereunder to Guarantor in respect of any matter arising out of this Guaranty.   GUARANTOR WAIVES TRIAL BY JURY IN ANY ACTION, SUIT OR PROCEEDING IN RESPECT OF, OR ARISING OUT OF, THIS GUARANTY OR THE OBLIGATIONS OF GUARANTOR HEREUNDER. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY GUARANTOR AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE.

2.4.    Waiver of Notice; Expenses.

(a)  Guarantor hereby expressly waives notice from Lender of its acceptance and reliance on this Guaranty. Guarantor agrees to pay all costs, fees, commissions and expenses (including, without limitation, all reasonable attorneys' fees) which may be incurred by Lender in enforcing or attempting to enforce this Guaranty, whether the same shall be enforced by suit or otherwise.

3.    NOTICE OF SERVICE OF PROCESS PLEADINGS AND OTHER PAPERS. . . .

3.2.    Consent of Jurisdiction.    Guarantor irrevocably and

unconditionally:

(a) agrees that any suit, action or other legal proceeding arising out of this Guaranty may be brought in the courts of record of the State of Illinois or any Federal court in Illinois, and that such courts shall have in personam jurisdiction of Guarantor in any such suit, action or other legal proceeding; and

(b) consents to the jurisdiction of each such court in any such suit, action or legal proceeding; and

(c) waives any objection which it may have to the laying of venue of any such suit, action or proceeding in any of such courts.

34. The Note 1 Default constitutes an event of default under the terms of Note 1, Mortgage 1 and Guaranty 1.

35. On March 20, 2018, the Plaintiff, FTF, mailed the Notice of Default-Note 1 to Defendant, O'Neill. Notice of Default-Note 1 notified Defendant of the Note 1 Default and provided Defendant with a cure period. *See* Exhibit I.

36. Defendant, O'Neill, failed to cure the Note 1 Default during the cure period.

37. As of March 15, 2018, Defendant, O'Neill, owes the Plaintiff, FTF, the total sum of $602,931.32 [unpaid principal of $560,000.00, plus accrued and unpaid contract interest of $28,233.32, late charges of $1,848.00, draw fees of $400.00, extension fees of $11,200.00, collection expenses of $1,000.00, and the payoff preparation and processing fee of $250.00], plus per diem interest in the sum of $171.11 from March 16, 2018 and thereafter, and all other amounts recoverable under Guaranty 1 (the "Guaranty 1 Balance").

WHEREFORE, the Plaintiff, FTF, respectfully requests the following relief upon Count Two of the Complaint:

a. Judgment in favor of the Plaintiff, FTF, and against Defendant, O'Neill, in the amount of Guaranty 1 Balance; and

b. such further relief as the Plaintiff, FTF, may be entitled to in equity or at

law and/or as this Honorable Court deems just and proper.

<u>COUNT THREE</u>
Breach of Mortgage 1
Defendants, Renewd Homes, Lautenbach Family Trust, Schilling Brothers, and Lautenbach

38. For Count Three of the Complaint, the Plaintiff, FTF, adopts, reaffirms, and reincorporates all of the aforesaid allegations and statements as if fully rewritten herein.

39. The following allegations concerning Mortgage 1 are made pursuant to, and shall be construed in accordance with, 735 ILCS 5/15-1504:

    a.    <u>Nature of Instrument</u>: Mortgage 1 upon Property 1 to secure repayment of Note 1 and all other indebtedness owed to the Plaintiff, FTF, by Defendant, Renewd Homes and O'Neill, jointly and severally.

    b.    <u>Date of Mortgage 1</u>: July 15, 2016.

    c.    <u>Original/Current Mortgagor</u>: Renewd Homes.

    d.    <u>Original/Current Mortgagee</u>: FTF.

    e.    <u>Recording Information</u>: Mortgage 1 was filed for record and recorded on August 1, 2016 in the Office of the Recorder of Deeds of Cook County, Illinois as Document #1621434186.

    f.    <u>Interest in Property 1 Subject to Mortgage 1</u>: Fee simple.

    g.    <u>Amount of Maximum Original Indebtedness under Mortgage 1</u>: $560,000.00.

    h.    <u>Legal Description and Common Address of the Premises</u>:

        (i)    Legal Description:
LOT 13 IN THE SUBDIVISION OF BLOCK 10 IN J.C. CALDWELL'S SUBDIVISION OF C.C. LAYS ADDITION TO WESTERN SPRINGS (EXCEPT BLOCK 15 AND THE NORTH 2 ACRES OF THE LAST 1/2 BLOCK 16, INCLUDING THE 1/2 STREETS) BEING A SUBDIVISION OF THE EAST PART OF THE NORTHWEST 1/4 OF SECTION 6, TOWNSHIP 38 NORTH, RANGE 12, EAST OF THE THIRD

PRINCIPAL MERIDIAN AND 3.554 ACRES IN THE SOUTH PART OF SECTION 31, TOWNSHIP 39 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

(ii)     Common Address:
         1426 Maple Street, Western Springs, Illinois 60558

(iii)    Property Identification No.:
         18-06-121-022-0000

i.       <u>Statement as to Default</u>: Defendants, Renewd Homes and O'Neill, jointly and severally, are in default of the terms under Note 1 and Guaranty 1, respectively, due to Defendants' failure to pay the Plaintiff, FTF, under Note 1 and Guaranty 1, the monthly interest-only installments due on November 1, 2017, December 1, 2017, January 1, 2018, February 1, 2018, and March 1, 2018, respectively, and, as such, Defendants are in default under the terms of Mortgage 1.

j.       <u>Present Owner of Property 1</u>: Renewd Homes.

k.       <u>Other Parties to this Action Whose Interest in or Lien upon Property 1 Are Sought to Be Terminated</u>:

         (i)     Renewd Homes;
         (ii)    Lautenbach Family Trust;
         (iii)   Schilling Brothers; and
         (iv)    Lautenbach.

l.       <u>Defendants Personally Liable for Deficiency, if Any</u>:

         (i)     Renewd Homes; and
         (ii)    O'Neill.

m.       <u>Capacity of the Plaintiff in This Action</u>: The Plaintiff, FTF, is the legal holder of Mortgage 1 by virtue of Mortgage 1 dated July 15, 2016 and record on August 1, 2016 as further set forth above.

n.       <u>Facts Supporting Shortened Redemption Period</u>: None as of the filing of this Complaint.

o.       <u>Facts in Support of Request for Attorneys' Fees, Costs, and Expenses</u>: The Plaintiff, FTF, seeks the inclusion of attorneys' fees, costs and expenses pursuant to the terms of Mortgage 1,

Section 21 entitled Acceleration; Remedies at Pages 10-11 of the recorded document. Further, the preceding statement shall be deemed and construed to include the allegations contained in 735 ILCS 5/15-1504(d)(1)-(6).

p. The Plaintiff, FTF, seeks to terminate the rights of all Defendants named herein to possess Property 1 following confirmation of the judicial sale of Property 1 based upon Plaintiff's right to possess Property 1 under the terms and conditions of Mortgage 1.

q. Facts in support of the appointment of a mortgagee in possession of or receiver for Property 1, if sought, will be set forth in a separate motion filed with this Honorable Court. The Plaintiff, FTF, respectfully requests that this Honorable Court retain jurisdiction for the purposes of deciding such a motion.

r. <u>Additional Allegations</u>: The Plaintiff, FTF, asserts its claim for any deficiency balance remaining under Note 1 following the judicial sale of Property 1.

40. Upon information and belief, Defendant, Lautenbach Family Trust, may have an interest, claim, encumbrance, or lien against Property 1 by virtue of a certain mortgage in favor of Defendant and against Defendant, Renewd Homes, in the amount of $100,000.00, plus interest and costs. The mortgage was dated September 14, 2016 and filed for record and recorded on September 19, 2016 in the Office of the Recorder of Deeds of Cook County, Illinois as Document #1626308113.

41. Upon information and belief, Defendant, Schilling Brothers, may have an interest, claim, encumbrance, or lien against Property 1 by virtue of a certain mechanic's lien in favor of Defendant and against Defendant, Renewd Homes, in the amount of $36,455.24, plus interest, penalties and costs. The mechanic's lien was dated July 28, 2017 and filed for record and recorded on July 28, 2017 in the Office of the Recorder of Deeds of Cook County, Illinois as Document #1720957121.

42. Upon information and belief, Defendant, Lautenbach, may have an interest, claim,

encumbrance, or lien against Property 1 by virtue of a certain mortgage in favor of Defendant and against Defendant, Renewd Homes, in the amount of $25,000.00, plus interest and costs. The mortgage was dated September 14, 2016 and filed for record and recorded on September 20, 2017 in the Office of the Recorder of Deeds of Cook County, Illinois as Document #1726308125.

43.     In order to protect the lien and security of Mortgage 1 during the pendency of the within action, the Plaintiff, FTF, may be required to pay insurance premiums, real estate taxes, assessments, water charges, sewer charges, attorneys' fees, repairs and other expenses or charges affecting Property 1.  The Plaintiff requests that any amount so paid and expended by the Plaintiff during the pendency of the within action be added, pursuant to the terms of Mortgage 1, to Plaintiff's claim and be repaid to the Plaintiff from the proceeds of the sale of Property 1, together with interest thereon from the date such expenditures are made and that the same be added to the amounts due to the Plaintiff and secured by Mortgage 1.

WHEREFORE, the Plaintiff, FTF, respectfully requests the following relief upon Count Three of the Complaint:

a.     Judgment of foreclosure and sale of Mortgage 1 in favor of the Plaintiff, FTF, and against Defendant, Renewd Homes and

b.     an Order fixing the total amount due under the terms of Mortgage 1, together with interest, costs, collection expenses, including reasonable attorneys' fees, and all other amounts recoverable under Mortgage 1; and

c.     an Order (i) requiring all Defendants to answer as to their respective claims, encumbrances, interests and/or liens, if any, in and to Property 1, or forever be barred, and (ii) barring and foreclosing the equity of redemption of Defendant, Renewd Homes, in and to Property 1; and

d.     an Order (i) marshalling all claims, encumbrances, interests and/or liens in and to Property 1, and (ii) determining the priorities of all Parties to the within action; and

e.     an Order adjudging Property 1 be sold according to law and Order(s) of this Honorable Court to satisfy the total amount due to the Plaintiff, FTF, under the terms of Mortgage 1; and

f.     Judgment for any deficiency balance remaining under Mortgage 1 following the Marshal's Sale or Receiver's Sale (if a receiver is appointed by this Honorable Court); and

g.     Judgment for the costs and collection expenses, including reasonable attorneys' fees, pursuant to the terms of Mortgage 1; and

h.     such further relief as the Plaintiff, FTF, may be entitled to in equity or at law and/or as this Honorable Court deems just and proper.

<u>COUNT FOUR</u>
Breach of Note 2
Defendant, Renewd Homes

44.     For Count Four of the Complaint, the Plaintiff, FTF, adopts, reaffirms and reincorporates all of the aforesaid allegations and statements as if fully rewritten herein.

45.     According to the terms of Note 2, Defendant, Renewd Homes, agreed as follows:

1.     <u>BORROWER'S PROMISE TO PAY</u>.  In return for a loan made by Lender to Borrower secured by that certain Mortgage (as hereinafter defined), Borrower promises to pay U.S. $340,000.00 (hereinafter the "Principal"), plus interest and other sums due, to the order of Lender, in accordance with the terms of this Note.  Borrower will make all payments under this Note in the form of check or federal funds transfer to an account designated by Lender or in such other manner as may be designated by Lender.  Borrower understands that Lender may transfer this Note.  Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is hereinafter called the "Note Holder."

2.     <u>INTEREST</u>.  Absent an Event of Default (as hereinafter defined), interest under this Note shall be due and payable at the "Applicable Interest Rate" (as hereinafter defined) for the period from the date hereof through the Maturity Date, as the same may be extended, or through the earlier prepayment of the Loan in full.  The term "Applicable Interest Rate," as used herein, shall mean an interest rate equal to Eleven (11%) percent per annum.  Interest for any month or fractional part thereof shall be calculated on the basis of a 30-day month and 360-day year, shall accrue and compound on a monthly basis, and shall be due and payable hereunder monthly.

3.     PAYMENT TERMS.

3.1.    Borrower agrees to pay sums under this Note in installments as follows:

(a)    On the date hereof in the sum of Nine Thousand Three Hundred Fifty and 00/100 Dollars ($9,350) (Three Months Interest) plus Two Thousand Five Hundred Ninety-Seven and 22/100 Dollars ($2,597.22) (Balance of Current Month Interest) representing interest only from the date of this Note through March 7, 2017.  Interest shall be calculated based on outstanding principal balance owed and reconciled upon payoff of loan.

(b)    Commencing on June 1, 2017 and on the first day of each month thereafter ("Monthly Payment Date"), Borrower shall pay to Lender monthly installments of interest only due in accordance with the terms of this Note.

(c)    All accrued and unpaid interest and the unpaid principal balance hereof are due and payable on the earlier to occur of (i) March 7, 2018 (the "Maturity Date"), or (ii) the date on which the Indebtedness (hereinafter defined) becomes immediately due and payment hereunder.

(d)    Borrower shall have the right to extend the Maturity Date for one (1) three (3) month period from the Maturity Date (the "Extension Term"), for a fee payable to Lender equal to one percent (1%) of the Principal, provided that there is no ongoing Event of Default under this Note or the Loan Documents and Borrower has delivered written notice to Lender that they wish to exercise such extension at least forty-five (45) days prior to the first day of the Extension Term.  The Maturity Date established by this Extension Term shall be known as the "Extended Maturity Date" . . . .

6.    DEFAULT AND ACCELERATION.

6.1.    It is hereby expressly agreed that (A) the whole of the principal sum of this Note, (B) interest, default interest, late charges, fees and other sums, as provided in this Note, (C) all other monies agreed or provided to be paid by Borrower in this Note, the Mortgage or the Loan Documents, (D) all sums advanced pursuant to the Mortgage and/or the Loan Documents, and (E) all sums advanced and costs and expenses incurred by Lender in connection with the Indebtedness (as hereinafter defined) or any part thereof, any renewal, extension, or change of or substitution for the

Indebtedness or any part thereof, or the acquisition or perfection of the security granted pursuant to the Mortgage and the other Loan Documents, whether made or incurred at the request of Borrower or Lender (the sums referred to in (A) through (E) above shall collectively be referred to as the "Indebtedness") shall, WITHOUT NOTICE (unless otherwise provided herein), become immediately due and payable at the option of the Note Holder upon the happening of any of the following events (each, an "Event of Default"):

(a) Borrower fails to pay any amount due to Lender under this Note, within ten (10) days after the due date for such payment;

(b) Borrower fails to keep, observe or perform any other promise, condition or agreement contained in this Note, the Mortgage, the Loan Documents or any other documents described herein or delivered in connection herewith or is otherwise in default under the terms, covenants and conditions of this Note, the Mortgage and the Loan Documents, and such failure or default is not remedied within thirty (30) days after written notice to Borrower thereof, provided, however, that if such failure or default is not capable of being cured or remedied within said thirty (30) day period, then if Borrower fails to promptly commence to cure the same and thereafter diligently prosecute such cure to completion but in any event within sixty (60) days after notice thereof;

(c) There is a material misstatement in any certificate and/or certification delivered in connection with this Note, the Mortgage, and other Loan Documents, or any representation, disclosure, warranty, statement, financial information, application and/or other instrument, record, documentation or paper made or furnished by or on behalf of Borrower in connection with this Note shall be materially misleading, untrue or incorrect as of the later of (i) the date hereof or (ii) when made[] . . .

(h) Borrower or a member of Borrower shall have concealed, removed and/or permitted to be concealed or removed any substantial part of its property and/or assets with the intent to hinder, delay or defraud Lender of any of its property and/or assets which may be fraudulent under any federal or state bankruptcy, fraudulent conveyance or similar law now or hereafter enacted, or if Borrower shall have made any transfer of any of its property and/or assets to or for the benefit of a creditor at a time

when other creditors similarly situated have not been paid, or if Borrower shall have suffered or permitted to be suffered, while insolvent, any creditor to obtain a lien upon any of its property and/or assets through legal proceedings or distraint which is not vacated within 60 days from the date of entry thereof;

(i) Borrower defaults under any other note, instrument, agreement, contract, pledge, mortgage or encumbrance evidencing and/or securing the Indebtedness or any other indebtedness of Borrower to Lender, and such event or occurrence is not remedied or cured within ten (10) days after notice thereof or an "event of default" (as defined in such other note, instrument, agreement, contract, pledge, mortgage or encumbrance) shall have occurred[] . . .

7.   DEFAULT INTEREST/LATE CHARGES.

7.1.   From and after the occurrence of an Event of Default, regardless of whether or not there has been a notice of default issued by the Note Holder, interest shall accrue on the outstanding Principal Sum, and shall be payable, at a rate equal to twenty-four percent (24%) per annum (the "Default Rate"). The Default Rate shall remain in effect until any and all Events of Default shall have been cured. In addition, the Default Rate shall remain in effect during any period of default even upon the acceleration of the indebtedness evidence by this Note. The Default Rate shall be in effect at all times after the maturity of the Indebtedness (whether on the Maturity Date, by acceleration or otherwise). Upon acceleration or maturity, the Default Rate shall remain in effect until all sums due under this Note, the Mortgage and the Loan Documents shall have been paid in full. This clause, however, shall not be construed as an agreement or privilege to extend the date of the payment of the Indebtedness, or as a waiver of any other right or remedy accruing to Lender by reason of the occurrence of any Event of Default.

7.2.   Except for any payment of the Indebtedness after acceleration, if any payment (or part thereof) provided for herein shall not be made when due, a late charge of six ($0.06) cents for each dollar so overdue shall become immediately due and payable to the Note Holder as liquidated damages for failure to make prompt payment and the same shall be secured by the Mortgage. This fee is not a penalty but a fee reasonably calculated to reimburse the Note Holder for administrative and staff time. Such charge shall be payable in any event no later than the due date of the next subsequent installment or, at the option of Note Holder, may

be deducted from any deposits held by Lender as additional security for this Note. Nothing herein is intended to or shall extend the due dates set forth for payments under this Note. Such late fee may be charged on any subsequent delinquent payment. . . .

8.     WAIVERS. . . .

8.4.     BORROWER AND EACH ENDORSER AGREE THAT ANY ACTION, SUIT OR PROCEEDING IN RESPECT OF OR ARISING OUT OF THIS NOTE MAY BE INITIATED AND PROSECUTED IN THE STATE OR FEDERAL COURTS, AS THE CASE MAY BE, LOCATED IN THE COUNTY OF COOK, STATE OF ILLINOIS. BORROWER AND EACH ENDORSER CONSENT TO AND SUBMIT TO THE JURISDICTION OF SUCH COURTS OVER THE SUBJECT MATTER, WAIVE PERSONAL SERVICE OF ANY AND ALL PROCESS UPON IT AND CONSENT THAT ALL SUCH SERVICE OF PROCESS BE MADE BY REGISTERED OR CERTIFIED MAIL OR REPUTABLE OVERNIGHT DELIVERY SERVICE DIRECTED TO BORROWER OR SUCH ENDORSER AT ITS ADDRESS SET FORTH ABOVE OR TO ANY OTHER ADDRESS AS MAY APPEAR IN LENDER'S RECORDS AS THE ADDRESS OF BORROWER OR SUCH ENDORSER.

8.5.     IN ANY ACTION, SUIT OR PROCEEDING IN RESPECT OF OR ARISING OUT OF THIS NOTE, BORROWER AND EACH ENDORSER WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, WHETHER IN CONTRACT, TORT OR OTHERWISE, RELATING DIRECTLY OR INDIRECTLY TO THE LOAN EVIDENCED BY THIS NOTE, THE APPLICATION FOR THE LOAN EVIDENCED BY THIS NOTE, THE MORTGAGE OR ANY OTHER LOAN DOCUMENT, OR ANY ACTS OR OMISSIONS OF NOTE HOLDER, ITS OFFICERS, EMPLOYEES, DIRECTORS OR AGENTS IN CONNECTION THEREWITH. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY BORROWER AND EACH ENDORSER, AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE.

8.6.     BORROWER AND EACH ENDORSER ALSO WAIVE (I) THE RIGHT TO INTERPOSE ANY SET-OFF OR COUNTERCLAIM OF ANY NATURE OR DESCRIPTION, OTHER THAN A MANDATORY OR COMPULSORY COUNTERCLAIM, (II) ANY

OBJECTION BASED ON FORUM NON CONVENIENS OR VENUE, AND (III) ANY CLAIM FOR CONSEQUENTIAL, PUNITIVE OR SPECIAL DAMAGES. . . .

11.    MISCELLANEOUS. . . .

      11.3.    Wherever pursuant to this Note it is provided that Borrower pay any costs and expenses, such costs and expenses shall include, without limitation, reasonable legal fees and disbursements of Note Holder with respect to retained firms, but shall not include the reimbursement of the expenses of Note Holder's in-house staff or counsel.  Borrower shall pay to Note Holder on demand any and all expenses, including reasonable legal expenses and attorneys' fees, incurred or paid by Lender in enforcing this Note.

46.    Defendant, Renewd Homes, failed to pay any amount due to FTF under Note 2 within ten (10) days after the due date for such payment.  Specifically, Defendant failed to pay FTF the unpaid principal balance, plus all accrued and unpaid interest and other amounts recoverable under Note 2, on or before the maturity date of March 7, 2018 (the "Note 2 Default").

47.    The Note 2 Default constitutes an event of default under the terms of Note 2 Guaranty 2 and Mortgage 2.

48.    On March 20, 2018, the Plaintiff, FTF, mailed a written notice of default (the "Notice of Default-Note 2") to Defendant, Renewd Homes.  Notice of Default-Note 2 notified Defendant of the Note 2 Default and provided Defendant with a cure period.  A true and accurate copy of Notice of Default-Note 2 is attached hereto as Exhibit J and incorporated herein by reference.

49.    Defendant, Renewd Homes, failed to cure the Note 2 Default during the cure period.

50.    As of March 15, 2018, Defendant, Renewd Homes, owes the Plaintiff, FTF, the total sum of $328,373.25 [unpaid principal of $340,000.00, less remaining construction budget

of $24,594.44, plus accrued and unpaid contract interest of $10,119.21, accrued and unpaid

default interest of $911.20, late charges of $687.28, collection expenses of $1,000.00, and the

payoff preparation and processing fee of $250.00], plus per diem interest in the sum of $210.27

from March 16, 2018 and thereafter, and all other amounts recoverable under Note 2 (the "Note

2 Balance").

WHEREFORE, the Plaintiff, FTF, respectfully requests the following relief upon Count

Four of the Complaint:

> a.   Judgment in favor of the Plaintiff, FTF, and against Defendant, Renewd
>      Homes, in the amount of the Note 2 Balance; and
>
> b.   such further relief as the Plaintiff, FTF, may be entitled to in equity or at
>      law and/or as this Honorable Court deems just and proper.

COUNT FIVE
Breach of Guaranty 2
Defendant, O'Neill

51.   For Count Five of the Complaint, the Plaintiff, FTF, adopts, reaffirms, and

reincorporates all of the aforesaid allegations and statements as if fully rewritten herein.

52.   According to the terms of Guaranty 2, Defendant, O'Neill, agreed as follows:

> 2.   AGREEMENT TO GUARANTEE.
>
> 2.1.   Obligations Guaranteed.
>
> (a)   Guarantor hereby irrevocably and unconditionally
>       guarantees to Lender the full and prompt:
>
> (1)   payment when due of the principal, interest and
>       other sums due with respect to the loan, whether
>       now existing or hereafter incurred (including
>       any increase in the indebtedness under the Loan
>       Documents), and all other obligations whenever
>       incurred by Borrower to Lender with respect to
>       the loan and under or through the Loan
>       Documents, when and as the same shall become
>       due and payable, whether at the stated maturity
>       thereof, by acceleration, or otherwise; and

(2) payment and performance of all other obligations of Borrower under the Loan Documents, including, without limitation, the full and indefeasible payment and performance when due of all now existing or future indebtedness, obligations or liabilities of Borrower to Lender, howsoever arising, whether direct or indirect, absolute or contingent, secured or unsecured, whether arising under any of the Loan Documents as now written or as the same may be amended or supplemented hereafter, or by operation of law or otherwise. Payments by Guarantor shall be made upon demand in the lawful money of the United States of America.

(b) Each and every default in the payment of the principal or interest or any other sum due under, or borrowing in accordance with, the Loan Documents shall give rise to a separate cause of action hereunder, and separate suits may be brought hereunder as each cause of action arises.

(c) Guarantor further agrees that this Guaranty constitutes an absolute, unconditional, present and continuing GUARANTEE OF PAYMENT AND PERFORMANCE AND NOT OF COLLECTION, and Guarantor waives any right to require that any resort be had by Lender to:

(1) any security (including, without limitation, the Collateral) held by Lender or for its benefit for payment of the principal, interest or any other sums due under the Loan Documents; or

(2) Lender's rights against any other person including Borrower or any other guarantor of the loan; or

(3) any other right or remedy available to Lender by contract, applicable law or otherwise.

It is the intent of this Guaranty that Lender shall have the right to resort to Guarantor without resorting to any remedy against Borrower and without demand by it, as though Guarantor is primarily liable for the repayment of the indebtedness.

2.2. <u>Obligations Unconditional</u>. The obligations of Guarantor under this Guaranty shall be absolute and unconditional, and shall remain in full force and effect until the entire principal, interest and all other sums due under the Loan Documents have been paid in full (subject to the provisions of Section 2.7 hereof) and

all costs and expenses, if any, referred to in Section 2.4 hereof shall have been paid in full. . . .

2.3.   No Waiver of Set-Off; No Right to Jury Trial.   No act of commission or omission of any kind or at any time made by or upon the part of Lender, or its successors and assigns, in respect of any matter whatsoever shall in any way impair the rights of Lender, or any such successor or assign, to enforce any right, power or benefit under this Guaranty and no set-off, counterclaim (other than a mandatory or compulsory counterclaim), reduction or diminution of any obligation, or any defense of any kind or nature which Guarantor has or may have against Lender, or any assignee or successor thereof, shall be available hereunder to Guarantor in respect of any matter arising out of this Guaranty.   GUARANTOR WAIVES TRIAL BY JURY IN ANY ACTION, SUIT OR PROCEEDING IN RESPECT OF, OR ARISING OUT OF, THIS GUARANTY OR THE OBLIGATIONS OF GUARANTOR HEREUNDER. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY GUARANTOR AND IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE.

2.4.   Waiver of Notice; Expenses.

(a) Guarantor hereby expressly waives notice from Lender of its acceptance and reliance on this Guaranty. Guarantor agrees to pay all costs, fees, commissions and expenses (including, without limitation, all reasonable attorneys' fees) which may be incurred by Lender in enforcing or attempting to enforce this Guaranty, whether the same shall be enforced by suit or otherwise.

3.   NOTICE OF SERVICE OF PROCESS PLEADINGS AND OTHER PAPERS. . . .

3.2.   Consent of Jurisdiction.   Guarantor irrevocably and unconditionally:

(a) agrees that any suit, action or other legal proceeding arising out of this Guaranty may be brought in the courts of record of the State of Illinois or any Federal court in Illinois, and that such courts shall have in personam jurisdiction of Guarantor in any such suit, action or other legal proceeding; and

(b) consents to the jurisdiction of each such court in any such suit, action or other legal proceeding; and

(c) waives any objection which it may have to the laying of venue of any such suit, action or proceeding in any of such courts.

53.     The Note 2 Default constitutes an event of default under the terms of Note 2, Guaranty 2 and Mortgage 2.

54.     On March 20, 2018, the Plaintiff, FTF, mailed the Notice of Default-Note 2 to Defendant, O'Neill.  Notice of Default-Note 2 notified Defendant of the Note 2 Default and provided Defendant with a cure period.  *See* Exhibit J.

55.     Defendant, O'Neill, failed to cure the Note 2 Default during the cure period.

56.     As of March 15, 2018, Defendant, O'Neill, owes the Plaintiff, FTF, the total sum of $328,373.25 [unpaid principal of $340,000.00, less remaining construction budget of $24,594.44, plus accrued and unpaid contract interest of $10,119.21, accrued and unpaid default interest of $911.20, late charges of $687.28, collection expenses of $1,000.00, and the payoff preparation and processing fee of $250.00], plus per diem interest in the sum of $210.27 from March 16, 2018 and thereafter, and all other amounts recoverable under Guaranty 2 (the "Guaranty 2").

WHEREFORE, the Plaintiff, FTF, respectfully requests the following relief upon Count Five of the Complaint:

a.     Judgment in favor of the Plaintiff, FTF, and against Defendant, O'Neill, in the amount of the Guaranty 2 Balance; and

b.     such further relief as the Plaintiff, FTF, may be entitled to in equity or at law and/or as this Honorable Court deems just and proper.

COUNT SIX
Breach of Mortgage 2
Defendants, Renewd Homes and Gallichio

57.     For Count Six of the Complaint, the Plaintiff, FTF, adopts, reaffirms, and

reincorporates all of the aforesaid allegations and statements as if fully rewritten herein.

58.     The following allegations concerning Mortgage 2 are made pursuant to, and shall

be construed in accordance with, 735 ILCS 5/15-1504:

a.     <u>Nature of Instrument</u>: Mortgage 2 upon Property 2 to secure repayment of Note 2 and all other indebtedness owed to the Plaintiff, FTF, by Defendants, Renewd Homes and O'Neill, jointly and severally.

b.     <u>Date of Mortgage 2</u>: March 7, 2017.

c.     <u>Original/Current Mortgagor</u>: Renewd Homes.

d.     <u>Original/Current Mortgagee</u>: FTF.

e.     <u>Recording Information</u>: Mortgage 2 was filed for record and recorded on May 11, 2017 in the Office of the Recorder of Deeds of Cook County, Illinois as Document #1713149339.

f.     <u>Interest in Property 2 Subject to Mortgage 2</u>: Fee simple.

g.     <u>Amount of Maximum Original Indebtedness under Mortgage 2</u>: $340,000.00.

h.     <u>Legal Description and Common Address of the Premises</u>:

(i)     Legal Description:
LOT SEVENTY (70) IN SUBDIVISION OF LOT "A" IN KIRCHMAN AND JEDLANS RIVERSIDE PARKWAY AND HARLEM AVENUE SUBDIVISION OF THAT PART OF LOT TWO (2) LYING SOUTH OF THE CENTER OF RIVERSIDE PARKWAY, AND ALL OF LOTS THREE AND FOUR OF CIRCUIT COURT PARTITION OF SOUTHEAST QUARTER OF SOUTHEAST QUARTER AND THE EAST HALF OF THE NORTHEAST QUARTER OF SOUTHEAST QUARTER OF SECTION 25, TOWNSHIP 39 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

(ii)     Common Address:
747 Arlington Road, Riverside, Illinois 60546

(iii)     Property Identification No.:

15-25-416-022-0000

i.     <u>Statement as to Default</u>: Defendants, Renewd Homes and O'Neill, jointly and severally, are in default of the terms under Note 2 and Guaranty 2, respectively, due to Defendants' failure to fully satisfy the debt owed to the Plaintiff, FTF, under Note 2 and Guaranty 2 on or before March 7, 2018, and, as such, Defendants are in default under the terms of Mortgage 2.

j.     <u>Present Owner of Property 2</u>: Renewd Homes.

k.     <u>Other Parties to this Action Whose Interest in or Lien upon Property 2 Are Sought to Be Terminated</u>:

       (i)    Renewd Homes; and
       (ii)   Gallichio.

l.     <u>Defendants Personally Liable for Deficiency, if Any</u>:

       (i)    Renewd Homes; and
       (ii)   O'Neill.

m.     <u>Capacity of the Plaintiff in This Action</u>: The Plaintiff, FTF, is the legal holder of Mortgage 2 by virtue of Mortgage 2 dated March 7, 2017 and recorded on May 11, 2017 as further set forth above.

n.     <u>Facts Supporting Shortened Redemption Period</u>: None as of the filing of this Complaint.

o.     <u>Facts in Support of Request for Attorneys' Fees, Costs, and Expenses</u>: The Plaintiff, FTF, seeks the inclusion of attorneys' fees, costs and expenses pursuant to the terms of Mortgage 2, Section 21 entitled Acceleration; Remedies at Pages 10-11 of the recorded document. Further, the preceding statement shall be deemed and construed to include the allegations contained in 735 ILCS 5/15-1504(d)(1)-(6).

p.     The Plaintiff, FTF, seeks to terminate the rights of all Defendants named herein to possess Property 2 following confirmation of the judicial sale of Property 2 based upon Plaintiff's right to possess Property 2 under the terms and conditions of Mortgage 2.

q.     Facts in support of the appointment of a mortgagee in possession of or receiver for the Premises, if sought, will be set forth in a separate motion filed with this Honorable Court. The Plaintiff, FTF, respectfully requests that this Honorable Court retain

jurisdiction for the purposes of deciding such a motion.

r.     <u>Additional Allegations</u>: The Plaintiff, FTF, asserts its claim for any deficiency balance remaining under Note 2 following the judicial sale of Property 2.

59.     Upon information and belief, Defendant, Gallichio, may have an interest, claim, encumbrance, or lien against Property 2 by virtue of a certain mortgage in favor of Defendant and against Defendant, Renewd Homes, in the amount of $93,480.00, plus interest and costs. The mortgage was dated March 22, 2017 and filed for record and recorded on December 21, 2017 in the Office of the Recorder of Deeds of Cook County, Illinois as Document #1735547005.

60.     In order to protect the lien and security of Mortgage 2 during the pendency of the within action, the Plaintiff, FTF, may be required to pay insurance premiums, real estate taxes, assessments, water charges, sewer charges, attorneys' fees, repairs and other expenses or charges affecting Property 2. The Plaintiff requests that any amount so paid and expended by the Plaintiff during the pendency of the within action be added, pursuant to the terms of Mortgage 2, to Plaintiff's claim and be repaid to the Plaintiff from the proceeds of the sale of Property 2, together with interest thereon from the date such expenditures are made and that the same be added to the amounts due to the Plaintiff and secured by Mortgage 2.

WHEREFORE, the Plaintiff, FTF, respectfully requests the following relief upon Count Six of the Complaint:

a.     Judgment of foreclosure and sale of Mortgage 2 in favor of the Plaintiff, FTF, and against Defendant, Renewd Homes; and

b.     an Order fixing the total amount due under the terms of Mortgage 2, together with interest, costs, collection expenses, including reasonable attorneys' fees, and all other amounts recoverable under Mortgage 2; and

c.     an Order (i) requiring all Defendants to answer as to their respective

claims, encumbrances, interests and/or liens, if any, in and to Property 2, or forever be barred, and (ii) barring and foreclosing the equity of redemption of Defendant, Renewd Homes, in and to Property 2; and

d.  an Order (i) marshalling all claims, encumbrances, interests and/or liens in and to Property 2, and (ii) determining the priorities of all Parties to the within action; and

e.  an Order adjudging Property 2 be sold according to law and Order(s) of this Honorable Court to satisfy the total amount due to the Plaintiff, FTF, under the terms of Mortgage 2; and

f.  Judgment for any deficiency balance remaining under Mortgage 2 following the Marshal's Sale or Receiver's Sale (if a receiver is appointed by this Honorable Court); and

g.  Judgment for the costs and collection expenses, including reasonable attorneys' fees, pursuant to the terms of Mortgage 2; and

h.  such further relief as the Plaintiff, FTF, may be entitled to in equity or at law and/or as this Honorable Court deems just and proper.

Dated: April 19, 2018                    Respectfully submitted by:

                                         *s/ Michael J. Palumbo*
                                         ─────────────────────────────
                                         Michael J. Palumbo, Esquire
                                         Illinois Attorney Registration #6324998
                                         Anthony J. Gingo, Esquire
                                         Ohio Attorney Registration #0085669
                                         Gingo Palumbo Law Group LLC
                                         Summit One
                                         4700 Rockside Road, Suite 440
                                         Independence, Ohio 44131
                                         Telephone: (216) 503-9512
                                         Facsimile: (888) 827-0855
                                         E-Mails: michael@gplawllc.com
                                                     anthony@gplawllc.com
                                         *Counsel for the Plaintiff*

<u>DESIGNATION OF LOCAL COUNSEL FOR SERVICE</u>
<u>PURSUANT TO LOCAL RULE 83.15</u>

In accordance with Local Rule 83.15, the Plaintiff, FTF, hereby designates the following attorney as local counsel upon whom service of papers may be made:

David Sethi, Esquire
Wiedner & McAuliffe, Ltd.
One North Franklin Street, Floor 19
Chicago, Illinois 60606
Telephone: (312) 855-1105
Facsimile: (312) 855-1792
E-Mail: dasethi@wmlaw.com

*s/ Michael J. Palumbo*

Michael J. Palumbo, Esquire
Anthony J. Gingo, Esquire
*Counsel for the Plaintiff*